■ ALEXANDER YUNIS, as Trustee in Bankruptcy of DANIEL DONSKY, Appellant, v. MAE DONSKY et al., Respondents.— In an action against a bankrupt and his wife to impress a trust on two bank accounts and several shares of stock maintained and registered in the name of the wife and for incidental relief, plaintiff trustee in bankruptcy appeals from an order of the Supreme Court, Kings County, entered October 27, 1965, which denied his motion for summary judgment. Order affirmed, without costs. The record presents triable issues of fact. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ In the Matter of JACK I. BERGEN, Also Known as ISIDORE J. BERGEN, an Attorney, Respondent. FREDERICK H. FREY, Petitioner.— This is a proceeding to discipline an attorney for professional misconduct. The respondent was admitted to practice in the Appellate Division, First Department, on November 4, 1935 under the name of Isidore J. Bergen. He maintains an office in the Bouton Building, Spring Valley, and he resides at 11 Trinity Avenue, Hillcrest, Rockland County, New York. This court referred the matter to a Justice of the Supreme Court to hear and report. The petitioner now moves to confirm the report. On October 17, 1962 respondent was indicted in Westchester County on a number of charges arising out of the making of false applications to the Temporary State Housing Rent Commission for maximum rent increases in 1957 and 1958 with respect to four apartments in an apartment building owned by a partnership, of which respondent was a partner. On March 24, 1964 he pleaded guilty to the misdemeanor of violating subdivision 2 of section 11 of the Emergency Housing Rent Control Law (L. 1946, ch. 274 as amd.) in satisfaction of the indictment. The petition in the disciplinary proceeding (instituted in May, 1965) charged that respondent willfully, knowingly, and with fraudulent intent participated in the preparation and submission to the Rent Commission of applications for maximum rent increases with respect to three of the four apartments mentioned in the indictment. The learned Justice found in his report that (1) there was no intent on the part of respondent to deceive; (2) respondent relied upon others in the filing of the applications, but was remiss in allowing the applications to go forward and be subject to misuse; (3) by his inattention, respondent made it possible for the falsified bills to be submitted to the Rent Commission; and (4) respondent did not willfully, knowingly, and with fraudulent intent commit the acts of which he is charged, but was guilty of gross neglect. Motion to confirm report and the findings therein contained granted. Under all the circumstances disclosed by this record, it is our opinion that respondent should be and hereby is censured. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.